ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------

Henry Platsky,

            Plaintiff

     -against-

National Security Agency,

Central Intelligence Agency,

Federal Bureau of Investigation,

           Defendants

--------------------------------------X

11 - 4816

TOWNES, J.

MANN, M.J.
COMPLAINT



RECEIVED
SEP 29 2011
PRO SE OFFICE

I. Parties:

    I am Henry Platsky and I am the plaintiff in the above matter,
I currently reside at 1735 Madison Ave., New York, New York, but
my mailing address is Post Office Box 140155, Brooklyn, New York,
11214.  This mailing address was the one used for all correspond-
ence with the defendants in tha bove matter.

    Defendant National Security Agency is a federal agency located
at Fort Meade, Maryland, 20755.

    Defendant Central Intelligence Agency is a federal agency and is
located at Washington, D.C., 20505.

    Defendant Federal Bureau of Investigation is part of the United
States Department of Justice and is located at Washington, D.C.,
20535.

II. The Jurisdiction of the Court is invoked pursuant to the Freedom
    of Inforation Act, 5 USC 552, and Presidential Executive Order #
    13526.

III. Statement of Claim,
    On March 20, 2010 I wrote to the three above-named defendants
    agencies requesting any files in my name, any files mentioning
    my name and copies of any and all other places my name might
    appear. Copies of all relevant correspondence are appended.

    Defendants National Security Agency were the first to respond.
    In a letter dated Aprial 2, 2010, Pamela Phillips, the cheif
    of the agencies FOIA/PA office wrote:

-2-

If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

Henry Platsky vs. NSA, et. al.,        appendix 3

Case 1:11-cv-04816-SLT-RLM   Document 1   Filed 09/29/11   Page 3 of 25 PageID #: 3

Appendix 3 contains explanation
of exemptions under the Freedom
of Information Act and relevant
portions of Executive Order #
13526

## Explanation of Exemptions
## Under the Freedom of Information Act

(b)(1) exempts from disclosure information currently and properly classified, pursuant to an Executive Order;

(b)(2) exempts from disclosure information, which pertains solely to the internal personnel rules and practices of the Agency;

(b)(3) exempts from disclosure information that another federal statute protects, provided that the other federal statute either requires that the matters be withheld, or establishes particular criteria for withholding or refers to particular types of matters to be withheld. The (b)(3) statutes upon which the CIA relies include, but are not limited to, the CIA Act of 1949;

(b)(4) exempts from disclosure trade secrets and commercial or financial information that is obtained from a person and that is privileged or confidential;

(b)(5) exempts from disclosure inter-and intra-agency memoranda or letters that would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) exempts from disclosure information from personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy;

(b)(7) exempts from disclosure information compiled for law enforcement purposes to the extent that the production of the information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source or, in the case of information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source ; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law; or (F) could reasonably be expected to endanger any individual's life or physical safety;

(b)(8) exempts from disclosure information contained in reports or related to examination, operating, or condition reports prepared by, or on behalf of, or for use of an agency responsible for regulating or supervising financial institutions; and

(b)(9) exempts from disclosure geological and geophysical information and data, including maps, concerning wells.

[Central Intelligence Agency, Jan 2007]

**Executive Order 13526 of December 29, 2009**

The White House

Office of the Press Secretary

For Immediate Release
December 29, 2009
**Executive Order - Classified National Security Information**

This order prescribes a uniform system for classifying, safeguarding, and declassifying national security information, including information relating to defense against transnational terrorism. Our democratic principles require that the American people be informed of the activities of their Government. Also, our Nation's progress depends on the free flow of information both within the Government and to the American people. Nevertheless, throughout our history, the national defense has required that certain information be maintained in confidence in order to protect our citizens, our democratic institutions, our homeland security, and our interactions with foreign nations. Protecting information critical to our Nation's security and demonstrating our commitment to open Government through accurate and accountable application of classification standards and routine, secure, and effective declassification are equally important priorities.

NOW, THEREFORE, I, BARACK OBAMA, by the authority vested in me as President by the Constitution and the laws of the United States of America, it is hereby ordered as follows:

PART 1 -- ORIGINAL CLASSIFICATION

Section 1.1. Classification Standards. (a) Information may be originally classified under the terms of this order only if all of the following conditions are met:

(1) an original classification authority is classifying the information;

(2) the information is owned by, produced by or for, or is under the control of the United States Government;

(3) the information falls within one or more of the categories of information listed in section 1.4 of this order; and

(4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage.

(b) If there is significant doubt about the need to classify information, it shall not be classified. This provision does not:

(1) amplify or modify the substantive criteria or procedures for classification; or

(2) create any substantive or procedural rights subject to judicial review.

(c) Classified information shall not be declassified automatically as a result of any unauthorized disclosure of identical or similar information.

(d) The unauthorized disclosure of foreign government information is presumed to cause damage to the national security.

Sec. 1.2. Classification Levels. (a) Information may be classified at one of the following three levels:

(1) "Top Secret" shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority is able to identify or describe.

(2) "Secret" shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause serious damage to the national security that the original classification authority is able to identify or describe.

(3) "Confidential" shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause damage to the national security that the original classification authority is able to identify or describe.

(b) Except as otherwise provided by statute, no other terms shall be used to identify United States classified information.

(c) If there is significant doubt about the appropriate level of classification, it shall be classified at the lower level.

Sec. 1.3. Classification Authority. (a) The authority to classify information originally may be exercised only by:

(1) the President and the Vice President;

(2) agency heads and officials designated by the President; and

(3) United States Government officials delegated this authority pursuant to paragraph (c) of this section.

(b) Officials authorized to classify information at a specified level are also authorized to classify information at a lower level.

Sec. 1.4. Classification Categories. Information shall not be considered for classification unless its unauthorized disclosure could reasonably be expected to cause identifiable or describable damage to the national security in accordance with section 1.2 of this order, and it pertains to one or more of the following:

(a) military plans, weapons systems, or operations;

(b) foreign government information;

(c) intelligence activities (including covert action), intelligence sources or methods, or cryptology;

(d) foreign relations or foreign activities of the United States, including confidential sources;

(e) scientific, technological, or economic matters relating to the national security;

(f) United States Government programs for safeguarding nuclear materials or facilities;

(g) vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to the national security; or

(h) the development, production, or use of weapons of mass destruction.

Sec. 1.5. Duration of Classification. (a) At the time of original classification, the original classification authority shall establish a specific date or event for declassification based on the duration of the national security sensitivity of the information. Upon reaching the date or event, the information shall be automatically declassified. Except for information that should clearly and demonstrably be expected to reveal the identity of a confidential human source or a human intelligence source or key design concepts of weapons of mass destruction, the date or event shall not exceed the time frame established in paragraph (b) of this section.

(b) If the original classification authority cannot determine an earlier specific date or event for declassification, information shall be marked for declassification 10 years from the date of the original decision, unless the original classification authority otherwise determines that the sensitivity of the information requires that it be marked for declassification for up to 25 years from the date of the original decision.

(c) An original classification authority may extend the duration of classification up to 25 years from the date of origin of the document, change the level of classification, or reclassify specific information only when the standards and procedures for classifying information under this order are followed.

(d) No information may remain classified indefinitely. Information marked for an indefinite duration of classification under predecessor orders, for example, marked as

(e) Foreign government information shall retain its original classification markings or shall be assigned a U.S. classification that provides a degree of protection at least equivalent to that required by the entity that furnished the information. Foreign government information retaining its original classification markings need not be assigned a U.S. classification marking provided that the responsible agency determines that the foreign government markings are adequate to meet the purposes served by U.S. classification markings.

(f) Information assigned a level of classification under this or predecessor orders shall be considered as classified at that level of classification despite the omission of other required markings. Whenever such information is used in the derivative classification process or is reviewed for possible declassification, holders of such information shall coordinate with an appropriate classification authority for the application of omitted markings.

(g) The classification authority shall, whenever practicable, use a classified addendum whenever classified information constitutes a small portion of an otherwise unclassified document or prepare a product to allow for dissemination at the lowest level of classification possible or in unclassified form.

(h) Prior to public release, all declassified records shall be appropriately marked to reflect their declassification.

Sec. 1.7. Classification Prohibitions and Limitations.
(a) In no case shall information be classified, continue to be maintained as classified, or fail to be declassified in order to:
(1) conceal violations of law, inefficiency, or administrative error;

(2) prevent embarrassment to a person, organization, or agency;

(3) restrain competition; or

(4) prevent or delay the release of information that does not require protection in the interest of the national security.

(b) Basic scientific research information not clearly related to the national security shall not be classified.

(c) Information may not be reclassified after declassification and release to the public under proper authority unless:

(1) the reclassification is personally approved in writing by the agency head based on a document-by-document determination by the agency that reclassification is required to prevent significant and demonstrable damage to the national security;

"The classified nature of the National Security Agency's efforts
Prevents us from either confirming or denying the existence of
intelligence records responsive to your request...The fact of
the existence or non-existence of responsive records are currently
and properly classified matter in accordance with Executive Order
12958, as amended.  Thus, your request is denied pursuant to the
first exemption of the FOIA, which provides that the FOIA does
not apply to matters that are specifically authorized under
criteria establish by an Executive Order to be kept secret in
the interest of national defense..."

I was also given access to the NSA appeal authority. In my appeal
to the NSA appeal authority I pointed out that the Executive Order
in effect was Executive Order 13526 (I mistakenly typed 13326). I
pointed out       Section 1.4 (the relevant portions of Executive
Order 13526 are appended to this complaint)  which defines the
proper nature of material that is deemed classifiable. Nowhere in
the 8 categories given, which include such things as the location
of military installations, is there the remotest hint that the
fact that an agency may or my not hold files on a citizen can be
considered classifiable.  I demanded that the NSA, consistent with
both the FOIA and the most recent Executive Order release to me any
material in their possession responsive to my request.

In a letter dated July 13th the NSA appeal authority denied my re-
quest again, this time citing the current Executive Order but still
insisting that the Executive Order now operative gave the NSA the
authority it was assuming to refuse to release even the information
as to whether or not they held records responsive to my request.
The NSA's actions tear at the heart of the Freedom of Information
Act which sought to put an end to any kind of secret files being
kept by government agencies.  Further it flies in the face of the
current Executive Order which does not, in any way, define the in-
formation that the NSA might or might not hold files on any citizens
classifiable, much less define such files themselves as classifiable.


The **second defendant** to reply to my FOIA request was the **Central
Intelligence Agency.**. In denying my request Delores Nelson, the
Information and Privacy Coordinator for the CIA wrote;on June 29th:

"With respect to responsive records that would reveal a classified
connection to the CIA, in accordance woth section 3.6(a) of Exec-
tive Order 13526, as amended, the CIA can neither confirm not deny
the existence or nonexistence of records responsive to your request
... Therefore, you may consider this portion of the response a
denial of your request pursuant to FOIA exemptions (b)(1) and (b)
(3) and PA exemption (j) (1) and (k) (1)."
(a sheet explaining FOIA exemptions was provided by the CIA rep-
resentative and is appended to this complaint)

The CIA letter contained an address for an appeal within the agency and in a letter dated July 21 I did appeal. In my appeal I pointed out that section 3.6(a) of Executive Order 13526 allowed an agency to confirm or deny the existence of certain records only if they are deemed classifiable according to the categories defined in section 1.4 of the Executive Order, which, of course, they are not In a letter dated March 15th of 2011 a representative of the CIA appeal agency (called the Agency Release Panel by the CIA) upheld the original denial of my request, including the refusal to confirm or deny the existence of such record, on the same grounds,.

The defendants, the Central Intelligence Agency, as with their co-defendants, the National Security Agency, flout the FOIA and the current Executive Order and in much the same manner.

The third defendant the Federal Bureau of Investigation responded to my FOIA request in a letter dated May 10th seeking more informa-tion for an accurate search of their records. After being provided the information requested FBI representative David Hardy, the Section Chief of the Record/Information Dissemination Section, did refuse my request in a letter dated May 26th.Specifally I was denied access to records that would "confirm or deny an individual's placement on any government watch list,...Thus pursuant to the Freedom of Information Act (FOIA) Exemptions 2 and 7(E), 5 U.S.C 522 (b)(2) and (b)(7)(E), the FBI can neither confirm nor deny the existance of certain records which would tend to indicate whether an individual is or ever was listed on any government terrorist watch list." I was given a right to appeal this decision.

In an appeal to the Office Of Information Policy of the US Department Justice which is designated as the appeal authority for the FBI, I wrote, on August 23rd, that for any government agency to associate me with criminal activity, such as terrorist activity, without affording me the right to due process and probable cause was to deny me those basic constitutional rights.  Therefore my most basic rights as a citizen obligated the FBI, which as a key component of the United States Department of Justice    exists to protect the rights of citizens under the constitution, to inform me as to whether I had my name on a list that associated me with the most serious sort of crminal activity.

The Department of Justice Office of Information Policy responded to my appeal in a letter dated December 14th denying me the right to know if my name was on watch lists citing the exemptions in the FOIA cited by Mr. Hardy in his initial refusal of my FOIA request, exemptions (b)(2) and (b)(7)(E).  A cursory reading of these exemp-tions makes clear that they are irrelevant to my situation: exemption (b)(2) concerns matters related to internal agency practices and (7)(E) concerns records that would disclose techniques and procedures for law enforcement Investigations.  The text of both exemptions are quoted in the Office of Information Policy's letter and can be found in the list of exemptions provided by the CIA, both in the appendix.  Again, clearly these have nothing to do with my request.

Further Section 1.7 (a) (1) forbids classifying material as a means to hide violations of the law. If the FBI without sufficient probable cause and denying me the right to due process did associate me with terrorist activity then hiding that fact by classifying the watch lists would be a clear violation of the Executive Order along with a direct violation of the FOIA.

III. Remedy Sought,

In light of the above facts I ask this court to find the defendants, the National Security Agency, The Central Intelligence Agency and the Federal Bureau of Investigation guilty of the violation of the Freedom of Information Act and Executive Order # 13526, I ask this court to order the defendants:

1. to turn over to me all materials responsive to my original request,

2. to assume all costs of reproducing said material,

3. to comply with all other measures this court deems appropriate.

September 21, 2011
september 29

347-835-9111
Telephone number

Appendix 1 contains my origianl
form letter sent to three defend-
ant agencies for FOIA request and
their initial refusal of the re-
quest

To whom it may concern,

This is a Freedom of Information Act request for any files in your
possession that contain my name (my name and social security number
are given below).  This includes files under my name, any mention of
my name in other files, and any and all other areas  where my name
might appear.  I am asking for such information from the date of Jan-
uary 1, 2005 through January 1 of this year.

If the amount of information as described above would be of such
quantity that it would cost more than $50 to duplicate please inform
me before duplicating and mailing.

Thank you,


Henry A. Platsky
PO Box 140155
Brooklyn, New York,
11214

Social Security #: 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


March 20, 2010



NATIONAL SECURITY AGENCY
CENTRAL SECURITY SERVICE
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case:  61247
2 April 2010

Mr. Henry A. Platsky
P.O. Box 140155
Brooklyn, NY  11214

Dear Mr. Platsky:

This responds to your 20 March 2010 Freedom of Information Act (FOIA) request which was received by this office on 31 March 2010, for a copy of all records this Agency maintains on you.  Your letter has been assigned Case Number 61247.  Please refer to this case number when contacting us about your request.  Your request has been processed under the provisions of the FOIA and the Privacy Act (PA).  There are no assessable fees for this request.

Personnel management files are maintained on NSA/CSS affiliates. Therefore, a search of our most comprehensive filing systems which include applicant, personnel, security, medical, and training was conducted pursuant to the Privacy Act.  Our records reflect that you have never been affiliated with this Agency; thus, no records were located in a search of those filing systems.

You may be aware that one of the NSA/CSS missions is to collect, process, and disseminate communications or signals intelligence information for intelligence and counter intelligence purposes and to support military operations.  NSA collects information on unspecified persons and entities to prevent and protect against terrorist attacks, the proliferation of weapons of mass destruction intelligence activities directed against the United States, international criminal drug activities, and other hostile activities directed against the United States.  The roles and responsibilities that NSA exercises are delineated in Executive Order, 12333, as amended.

The classified nature of the National Security Agency's efforts prevents us from either confirming or denying the existence of intelligence records responsive to your request, or whether any specific technique or method is employed in those efforts.  The fact of the existence or non-existence of responsive records is a currently and properly classified matter in accordance

FOIA Case:  61247

with Executive Order 12958, as amended.  Thus, your request is denied pursuant to the first exemption of the FOIA, which provides that the FOIA does not apply to matters that are specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign relations and are properly classified pursuant to such Executive Order.

Moreover, the third exemption of the FOIA provides for the withholding of information specifically protected from disclosure by statute.  Thus, your request is also denied because the fact of the existence or non-existence of the information is exempted from disclosure pursuant to the third exemption.  The specific statutes applicable in this case are Title 18 U.S. Code 798; Title 50 U.S. Code 403-1(i); and Section 6, Public Law 86-36 (50 U.S. Code 402 note).

The Initial Denial Authority for NSA information is the Deputy Associate Director for Policy and Records, Diane M. Janosek.  As your request is being denied, you are hereby advised of this Agency's appeal procedures.  Any person denied access to information may file an appeal to the NSA/CSS Freedom of Information Act/Privacy Act Appeal Authority.  The appeal must be postmarked no later than 60 calendar days of the date of the initial denial letter.  The appeal shall be in writing addressed to the NSA/CSS FOIA/PA Appeal Authority (DJP4), National Security Agency, 9800 Savage Road STE 6248, Fort George G. Meade, MD  20755-6248.  The appeal shall reference the adverse determination and shall contain, in sufficient detail and particularity, the grounds upon which the requester believes that the determination is unwarranted.  The NSA/CSS FOIA/PA Appeal Authority will endeavor to respond to the appeal within 20 working days after receipt, absent any unusual circumstances.

Sincerely,

PAMELA N. PHILLIPS
Chief
FOIA/PA Office

Central Intelligence Agency



Washington, D.C. 20505

June 29, 2010

Mr. Henry A. Platsky
PO Box 140155
Brooklyn, NY 11214

Reference: P-2010-00526

Dear Mr. Platsky:

This is a final response to your 20 March 2010 request for information pertaining to you. We processed your request under the Freedom of Information Act and the Privacy Act.

We searched for CIA-originated responsive records that might reflect an open or otherwise acknowledged Agency affiliation existing through 20 May 2010, the date we accepted your request. We were unable to locate any such information or records.

With respect to responsive records that would reveal a classified connection to the CIA, in accordance with section 3.6(a) of Executive Order 13526, as amended, the CIA can neither confirm nor deny the existence or nonexistence of records responsive to your request. The fact of the existence or nonexistence of requested records is currently and properly classified and relates to CIA intelligence sources and methods information that is protected from disclosure by section 6 of the CIA Act of 1949, as amended. Therefore, you may consider this portion of the response a denial of your request pursuant to FOIA exemptions (b)(1) and (b)(3), and PA exemptions (j)(1) and (k)(1). I have enclosed an explanation of these exemptions for your reference and retention.

You have the right to appeal this response within 45 days of the date of this letter. You may address your appeal to the Agency Release Panel, in my care. Please explain the basis of your appeal.

We appreciate your patience while we were processing this request.

Sincerely,

Delores M. Nelson
Information and Privacy Coordinator

Enclosure

U.S. Department of Justice



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

May 26, 2010

MR. HENRY A. PLATSKY
POST OFFICE BOX 140155
BROOKLYN, NY 11214

FOIPA Request No.:  1145864- 001
Subject: PLATSKY, HENRY A.

Dear Mr. Platsky:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request.

Based on the information you provided, we conducted a search of the indices to our Central Records System.  We were unable to identify responsive main file records.  If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

To the extent your FOIPA request seeks access to records that would either confirm or deny an individual's placement on any government watch list, please be advised that the U.S. Government can neither confirm nor deny whether a particular person is on any terrorist watch list.  Maintaining the confidentiality of government watch lists is necessary to achieve the objectives of the U.S. Government, as well as to protect the privacy of individuals who may be on a watch list for a limited time and later removed. If the U.S. Government revealed who was listed on any government watch list, terrorists would be able to take actions to avoid detection by government authorities.  Thus, pursuant to the Freedom of Information Act (FOIA) Exemptions 2 and 7(E), 5 U.S.C. §§ 552 (b)(2) and (b)(7)(E), the FBI can neither confirm nor deny the existence of certain records which would tend to indicate whether an individual is or ever was listed on any government terrorist watch list.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C.  20530-0001.  Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

Appendix 2 contains my appeal
of initial denial to three def-
endant agencies and their de-
nial of my appeal

NSA/CSS FOIA/PA Appeal Authority
National Security Agency
9800 Savage Road, STE 6248
Fort Meade, Maryland, 20755

To the NSA Appeal Authority,

Enclosed please find a letter from Pamela Phillips, chief of the
NSA FOIA/PA office, who informs me of the decision by the Deputy
Associate Director for Policy and Records, Diane Janosek, to deny
my request for information the NSA might be holding about me. My
initial request letter is also enclosed.  The purpose of this letter
is to appeal Ms. Janosek's decision.

It is significant to me that in describing the work of the NSA Ms.
Phillips does not, at any point, refer to a concern to defend the
constitution with its' Bill Of Rights or to defend the basic rights
of our citizens in any sense at all.  This seems appropriate since,
in essence, this decision by Ms. Janosek is a broad slap in the face
to the concept of basic law and basic rights.

Ms. Phillips remarks: "The fact of the existence or non-existence of
responsive records is a currently and properly classified matter in
accordance with Executive Order 12958, as ammended."  Surely Ms.
Janosek must be aware that Executive Order 12958 has been rescinded
by the present administration and replaced with Executive Order 13326!
Ms. Janosek is cavalier to the law even to the point of citing a no
longer existant Executive Order.

Executive Order 13326, the executive order now in effect, defines
the proper nature of any material that would be deemed classified.
Section 1.4 gives 8 categories of material that is classifiable,
including the obvious things such as location of military installa-
tions and nowhere in these 8 categories is there even a hint that
the fact that the NSA, or any other government body, might have
collected information on a U.S. citizen can be considered classif-
ied.  Further section 1.7 prohibits the NSA from withholding any
inforation that does not require protection in the interest of
national security.  Would anyone from the NSA like to argue that
the existence or non-existence of material referring to me (or any
other citizen) is a matter of national security?  In fact if any-
thing endangers national security it is the attempt by Ms. Janosek
and her co-thinkers to throw a shroud of secrecy over any and all
of the NSA's operations.

Terrorists, both external and internal, can harm our bodies and
properties.  But they cannot in any way undo the rights granted
us by this countries founders; rights they considered inalienable
and God-endowed.  On the other hand ever-zealous and arrogant gov-
ernemtn bureaucrats, indifferent to the law and to the very concept
of rights can do terrible damage to these very things; this would
endanger the very spirit and soul of our nation.

It is for the above reasons that I appeal to the NSA Appeal Authority
to overturn Ms. Janosek's decision.


Very sincerely,

Henry Platsky
03/26/10

**NATIONAL SECURITY AGENCY**
FORT GEORGE G. MEADE, MARYLAND 20755-6000

Case No. 61247/Appeal No. 3546
13 July 2010

Henry A. Platsky
P.O. Box 140155
Brooklyn, New York 11214

Dear Mr. Platsky:

I am writing in response to your letter, dated 26 May 2010, appealing the
National Security Agency's (NSA) denial of your request under the Freedom of
Information Act (FOIA)/Privacy Act (PA). You had requested a copy of all records this
Agency maintains on you. Your request was processed under the provisions of the
FOIA/PA. I have reviewed your original request, the Chief of the FOIA/PA Office's
response to you, and your letter of appeal. As a result of this review, I am confident
that NSA has no records responsive to your request since our records reflect that you
have never been affiliated with this Agency.

While your appeal letter clearly states your concern and frustration of not
knowing whether NSA maintains intelligence information on you, I must emphasize
that NSA can neither confirm nor deny alleged intelligence activities or targets due to
the classified nature of this Agency's signals intelligence mission. To do otherwise
when challenged under the FOIA would result in the exposure of intelligence
information and sources and methods. The release of such information would severely
undermine intelligence activities in general that could harm our national security. I
offer the following example to further clarify NSA's determination regarding
intelligence information relating to you. If NSA denied allegations about intelligence
activities or targets in cases where such allegations were false (e.g., we told one FOIA
requester that we had no records), but remained silent in cases where the allegations
were accurate, it would tend to reveal that the individuals in the latter cases were
targets. Any further elaboration concerning these matters would reveal information
that is currently and properly classified under the Executive Order 13526.

Therefore, NSA can neither confirm nor deny whether any intelligence records
on you exist, or whether any specific technique or method or activity is employed in our
intelligence efforts. The fact of the existence or non-existence of responsive records is a
currently and properly classified matter in accordance with Executive Order 13526,
and is further explained below.

The existence or non-existence of the information you requested is exempt from
disclosure pursuant to 5 U.S.C. § 552(b)(1), which protects properly classified

information. The fact of the existence or non-existence of such information is a properly classified matter under Executive Order 13526, since it meets the specific criteria for classification established in Sections 1.4(c) and (g) of the Order. When such classification is warranted, Section 3.6(a) allows an agency to respond by declining to confirm or deny the existence of responsive records.

Further, the fact of the existence or non-existence of the records requested is also exempt pursuant to 5 U.S.C. § 552(b)(3), which permits withholding of matters specifically exempted from disclosure by statute. The applicable statutory provisions with regard to the existence or non-existence of the records requested are: Section 6 of the National Security Act of 1959 (Public Law 86-36, 50 U.S.C. § 402 note), which provides that no law shall be construed to require the disclosure of the organization, personnel, functions, or activities of the National Security Agency; 50 U.S.C. § 403-1(i)(1), which requires the protection of intelligence sources and methods from unauthorized disclosure; and 18 U.S.C. § 798, which prohibits the release of information concerning classified communications intelligence activities except to those persons authorized to receive such information.

Since this response may be construed as a denial of your appeal, you are hereby advised of your right pursuant to 5 U.S.C. § 552(a)(4)(B) to seek judicial review of my decision in the United States District Court in the district in which you reside, in which you have your principal place of business, in which the Agency records are situated (U.S. District Court of Maryland), or in the District of Columbia.

Sincerely,

DEBORAH A. BONANNI
Freedom of Information Act/Privacy Act
Appeals Authority

Central Intelligence Agency
Agency Release Panel
c/o Delores M. Nelson
Information & Privacy Coordinator
Washington, D.C., 20505

To the Agency Release Panel:

This is my appeal of the decision, documented in a June 29th letter
to me to deny my FOIA request.

Section 3.6(a) of Executive Order 13526 is cited as providing the
basis for the CIA's decision to neither confirm or deny the existence
of records responsive to my request. Section 3.6(a) of Executive
Order 13526 clearly refers to materials or documents properly
classified. But Section 1.4 of Executive Order 13526 defines these
materials and documents which are classifiable as only those that
deal directly with matters affecting national security. Eight cat-
egories are listed as types of materials or documents that can be
properly deemed classifiable. Of course the fact that the CIA might
be holding records dealing with citizens of the United States is
not one of the eight categories since, as would be patently obvious
to anyone being honest and objective, such information would in no
way affect national security.

The CIA is abusing Executive Order 13526 in the same unfortunate
way that it has abused the laws, the rights of our citizens, the
rights of prisoners of war, etc., etc. over the years. In its'
letter of June 29th the decision makers of the CIA show that they
have nothing in common with the principles of democracy and basic
rights upon which this country was founded. Further it is clear that
the same people at the CIA are determined to undermine the FOI Act
to the point where it is utterly meaningless.

Again: there is no legitimate basis either within Executive Order
13526 or the FOIA for the CIA to withhold either the information
that it is holding records on U.S. citizens or these very records
themselves.

For these reasons I demand that the Agency Release Panel overturn
the decision announced in the June 29th letter.

Very sincerely,


Henry Platsky
July 21, 2010

Henry Platsky
PO Box 140155
Brooklyn, New York
11214

Central Intelligence Agency



Washington, D.C. 20505

MAR 1 5 2011

Mr. Henry Platsky
PO Box 140155
Brooklyn, NY  11214

Reference: P-2010-00526

Dear Mr. Platsky:

This responds to your 21 July 2010 letter in which you appealed our 29 June 2010 final response to your Freedom of Information Act (FOIA) and Privacy Act (PA) request for information on yourself.

The Agency Release Panel (ARP) considered your appeal and determined that, despite thorough searches of the appropriate records systems at the appellate level, we were unable to locate any records concerning an overt or otherwise acknowledged affiliation between you and the CIA. To the extent that you seek records that would reveal a classified connection between yourself and the CIA, the ARP sustained the determination that the CIA can neither confirm nor deny the fact of the existence or nonexistence of records responsive to your request. The "fact of" the existence or nonexistence of records responsive to that portion of your request is currently and properly classified information and relates to intelligence sources or methods protected from disclosure by Section 6 of the CIA Act of 1949, as amended. You may deem this portion of your request to be denied on the basis of FOIA exemptions (b)(1) and (b)(3) and PA exemptions (j)(1) and (k)(1).

Therefore, in accordance with Agency regulations, the ARP denied your appeal. For your information, Agency regulations are set forth in parts 1900 and 1901 of title 32 of the Code of Federal Regulations. In accordance with the FOIA and the PA, you have the right to seek judicial review of this determination in a United States district court.

Sincerely,

Scott Koch
Executive Secretary
Agency Release Panel

Director, Office of Information Policy
U.S. Department of Justice
1425 New York Ave; NW, suite 11050
Washington, D.C., 20530

Subject: Freedom of Information Appeal (FOIA request #:1145864-002)
To whom it may concern,

I am appealing the decision, stated by David M. Hardy, Section
Chief of the FBI Record/Information Dissemination Section, directly
in his letter to me of May 26, 2010, and implied in his second letter
of July 23, 2010, to refuse to confirm or deny the presence of my
name on any of the government watch lists. Below are my reasons that
I am asking you to consider.

Mr. Hardy, in his letter of May 26, protests that allowing persons
to know whether or not they are on government watch lists would
allow terrorists to avoid scrutiny. Of course basic, constitution-
al rights can be exploited by criminals and wrong-doers. The Fifth
Amendment allows criminals the right not to testify against them-
selves, no matter how guilty they may be. Likewise the protection I
enjoy as a United States citizen should protect me from being accused
of or associated with criminal activity (which, of course, includes
terrorism or terrorist-related activities) without probable cause
sufficient to justify such an accusation, and without due process that
allows me to confront my accusers in a court of law and assumes me
innocent until my accusers can prove my guilt beyond a reasonable
doubt. In asserting a right to associate my name with criminal,
terrorist activities without my knowledge denies my these basic,
constitutional rights. The FBI may argue that this is necessary
to thwart terrorism, but our country faces far greater dangers than
terrorism. If government agencies can bury our constitutional rights
in the name of security... As I wrote to the NSA appeal authority,
on this very issue, terrorists can destroy our lives or our properties
but unchecked government agencies can destroy our nation right down
to its very soul.

No government agency or assortment of officials, elected or appoint-
ed has the power to legally overturn the constitution. The constitu-
tion provides the means by which it can be ammended and the last time
I looked the first ten amendments were supposed to be intact.

For the above reasons I demand that the Office of Information Policy
overturn the decision to deny me the information as to my status
vis-a-vis the government watch lists.

Sincerely

Henry Platsky
8/23/10

Henry Platsky
PO Box 140155
Brooklyn, New York,
214

**U.S. Department of Justice**

Office of Information Policy

Telephone: (202) 514-3642                    Washington, D.C. 20530

DEC 14 2010

Mr. Henry Platsky                    Re:    Appeal No. 2010-3083
Post Office Box 140155                      Request No. 1145864-002
Brooklyn, NY 11214                          ADW:CDT

Dear Mr. Platsky:

You appealed from the action of the Federal Bureau of Investigation on your request for access to certain records pertaining to yourself. I note that you appealed both the FBI's response to Request No. 1145864-001 and its "reopened" response to Request No. 1145864-002.

After carefully considering your appeal, I am affirming the FBI's action on your request. To the extent that your request seeks access to records that would either confirm or deny an individual's placement on any government watch list, I am affirming the FBI's action in refusing to confirm or deny the existence of any such records responsive to your request. The FBI properly refused to confirm or deny the existence of such information because such information, if it exists, is protected from disclosure under the Freedom of Information Act pursuant to:

5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices; and

5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

This response should not be taken as an indication that records do or do not exist. Rather, this is the standard response made by the FBI.

As to any other records, the FBI informed you that it could locate no main files responsive to your request in its automated or manual indices. I have determined that the FBI's response was correct and that it conducted an adequate, reasonable search for records responsive to your request.